UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOURAD AHMED,

    Plaintiff,

v.

LOUIS DeJOY,
POSTMASTER GENERAL,

    Defendant.
_____/

Case No. 2:24-cv-11216

District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 23) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (ECF No. 24)

Plaintiff filed the instant lawsuit *in pro per* on May 6, 2024 against Defendant Louis DeJoy, Postmaster General, alleging employment discrimination arising out of an incident that occurred on March 3, 2023. (ECF No. 1). Judge Berg referred this case to me on October 10, 2024 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No.13) On August 18, 2025, Plaintiff filed a Motion for Protective Order (ECF No. 23) and a Motion for Leave to File a Supplemental Complaint (ECF No. 24).

1. **Motion for protective order.**

Plaintiff's August 18 motion for protective order (ECF No. 23) seeks to modify the stipulated protective order entered on the same date (ECF No. 22). Plaintiff requests a modification of the protective order to "allow limited cross-use of materials designated as "protected information" in Plaintiff's pending EEOC Case No. 1D-445-0036-24."  (ECF No. 23, PageID.80.)  This issue was specifically discussed during the Court's April 22, 2025 scheduling conference and memorialized in the Court's scheduling order, which states:

> As discussed during the conference, discovery shall be limited to nonprivileged matters that are "relevant to any party's *claim or defense* and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added).  During the conference, the parties mentioned that there is an ongoing EEOC investigation related to Plaintiff's 2024 EEOC complaint, and those claims are not part of this lawsuit.  Plaintiff is not to use discovery in this lawsuit to investigate claims related to his 2024 EEOC complaint, which have not yet been fully exhausted.  (ECF No. 17, PageID.54, n.1.).

While Plaintiff argues that use of the discovery in the parallel EEOC investigation would reduce costs and increase efficiency, the Court is not persuaded that Plaintiff has shown "good cause" to modify the Scheduling Order that specifically addressed this issue. Fed. R. Civ. P. 26.  This is particularly true where, as Defendant points out, disclosure of the designated material would most likely constitute a violation of HIPAA

regulations.  (ECF No. 25, PageID.112).  Plaintiff's motion to modify the protective order (ECF No. 23) is therefore **DENIED.**

**2. Motion for leave to file a supplemental complaint**

Plaintiff asks for leave to file a supplemental complaint to add additional claims, which Plaintiff states "arise from the same USPS workplace, involve the same core actors, and concern continuing retaliation and hostile work environment."  (ECF No. 24, PageID.88.)  Plaintiff indicates that these "claims arise from EEOC Case No. 1D-445-0036-24 that involve substantially similar facts, witnesses, and management officials as the present action . . ." (*Id.*)

The Court first notes that under the Scheduling Order, motions to amend the pleadings were due no later than May 13, 2025 (ECF No. 17, PageID.54), and Plaintiff has shown neither "good cause" nor "excusable neglect" to amend the Scheduling Order four months past this deadline. Fed. R. Civ. P. 6 & 16.

Further, the motion is substantively without merit.  Under Federal Rule of Civil Procedure 15(d), the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Motions for leave to supplement under Rule 15(d) are governed by the same standard as motions for leave to amend under Rule 15(a). *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).  Thus, "leave to amend 'should be denied if the amendment is

brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  An amendment is futile if it could not withstand a motion to dismiss.  *Thikol Corp. v. Dept. of Treasury*, 987 F.2nd 376, 383 (6th Cir. 1993).

Plaintiff has attached the proposed supplemental complaint to his motion, and upon review, the Court agrees with Defendant that the amendment would be futile.  Plaintiff's proposed supplementation does not meet the standards of Fed. R. Civ. P. 8, and is too general and conclusory to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff broadly alleges that "[a]fter Plaintiff filed the operative complaint, the same management officials and supervisors at the Detroit VMF continued a pattern of retaliation and harassment against Plaintiff for engaging in protected EEO activity," (ECF No. 24-1, PageID.91) but fails to set forth any detailed facts or allegations to support this conclusory statement.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Plaintiff's limited factual allegations are insufficient to state a claim, and therefore, the motion to supplement (ECF No. 24) is **DENIED** as futile and untimely.

    **IT IS SO ORDERED.** [1]

Dated: September 13, 2025

                          Anthony P. Patti
                          UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).