UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MOURAD AHMED,** <br><br> Plaintiff, <br><br> vs. <br><br> **DAVID STEINER, POSTMASTER GENERAL,** <br><br> Defendant. | **2:24-CV-11216-TGB-APP** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 31, 45)** <br><br> **AND AFFIRMING THE MAGISTRATE JUDGE'S ORDERS (ECF NOS. 30, 43)** |

This matter is before the Court on Plaintiff Mourad Ahmed's objection to Magistrate Judge Anthony P. Patti's order denying Ahmed's motion for protective order and denying Ahmed's motion for leave to file a supplemental complaint, ECF No. 31, and his objection to Judge Patti's order granting Defendant's motion to extend dispositive motions deadline, ECF No. 45. For the reasons set forth below, both objections will be **OVERRULED**.

## I.   BACKGROUND

In this employment discrimination case, Plaintiff Mourad Ahmed, proceeding pro se, alleges that, on various dates in 2023, his work assignment was changed, a supervisor made a derogatory remark about his car, he was issued a letter warning, he was denied overtime opportunities, and he was subjected to a hostile work environment. ECF

No. 1. This matter was referred to Magistrate Judge Patti for all pretrial proceedings. ECF No. 13. A Scheduling Order was entered on April 23, 2025. ECF No. 17.

On August 18, 2025, the Court entered a Stipulated Protective Order Regarding Disclosure of Records. ECF No. 22. That same day, Ahmed filed a motion for protective order, ECF No. 23, and a motion for leave to file a supplemental complaint. ECF No. 24. After the motions were fully briefed, Judge Patti entered an order denying both motions. ECF No. 30. Ahmed filed an objection to that order two days later, ECF No. 31, and that objection has been fully briefed. ECF Nos. 32, 35, 37.

On April 2, 2026, Judge Patti issued an order granting the Defendant's motion to extend the dispositive motion deadline, which had been filed that same day. ECF No. 43 (granting ECF No. 42). That same day, Ahmed filed an objection to the order. ECF No. 45.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 allows parties fourteen days after service of an order entered by a magistrate judge to file their objections to the order. Fed. R. Civ. P. 72(a). The act of filing objections, however, does not stay the force of the magistrate judge's order, which "remains in full force and effect." E.D. Mich. LR 72.2. Upon receiving objections, the

2

Court reviews an order by a magistrate judge on a nondispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law"); *Bisig v. Time Warner Cable, Inc.,* 940 F.3d 205, 219 (6th Cir. 2019). "A decision is clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). "This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Roby v. Bloom Roofing Sys.,* 343 F.R.D. 487, 490 (E.D. Mich. 2023) (Drain, J.) (citation omitted).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.,* 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (Borman, J.) (citation omitted). The Court's review under the "contrary to law" standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution,

statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994).

## III.  DISCUSSION

### A. Plaintiff's Objections to Magistrate Judge's Order denying Plaintiff's motion for protective order and Plaintiff's motion to supplement complaint (ECF No. 31)

On September 13, 2025, Magistrate Judge Patti issued an order denying Ahmed's motion to modify the parties' stipulated protective order to permit records designated as "protected information" in this case to be used in Ahmed's pending EEOC case. ECF No. 30, PageID.145–46. Judge Patti found that Ahmed failed to demonstrate good cause for the modification because the issue was specifically discussed during the scheduling conference and memorialized in the Court's scheduling order, which stated that "Plaintiff is not to use discovery in this lawsuit to investigate claims related to his 2024 EEOC complaint, which have not yet been fully exhausted." *Id.* (citing ECF No. 17, PageID.54, n.1). Judge Patti further noted that disclosure of the designated material would most likely constitute a violation of HIPAA regulations. *Id.*

In that same order, Judge Patti also denied Ahmed's motion for leave to supplement his complaint to bring additional allegations of employment discrimination. *Id.* PageID.146–48. Judge Patti found that the motion was untimely under the Scheduling Order in this case and that Ahmed has shown neither "good cause" nor "excusable neglect" to

amend the Scheduling Order. Judge Patti further stated that the motion to supplement the complaint was without merit as the proposed amendment would be futile because the allegations were too general and conclusory to state a claim for relief and failed to set forth any detailed facts or allegations to support the conclusory statements. *Id.*

Ahmed's arguments in his objection to that order fail to demonstrate that Magistrate Judge Patti's order is clearly erroneous or contrary to law. *See* ECF No. 31. Ahmed repeats essentially the same arguments he made before the Magistrate Judge. "Even in the case of a report and recommendation which warrants de novo review, rather than the more deferential standard of review applicable here, courts have noted that they are not obligated to address objections made in this form." *Mata v. STA Mgmt., LLC*, No. 19-11662, 2021 WL 141248, at *2 (E.D. Mich. Jan. 15, 2021) (Edmunds, J.) (citation omitted). The Court, having reviewed Ahmed's original motions and his objection, agrees with the Magistrate Judge. The issue of using discovery materials produced in this case in his pending EEOC case was already specifically discussed during the scheduling conference and memorialized in the scheduling order. Ahmed fails to demonstrate good cause to modify the scheduling order or the stipulated protective order to allow him to use discovery in this lawsuit to investigate his claims related to his 2024 EEOC complaint. In addition, disclosure of the discovery—which would include records containing the names and identifying information of non-parties to this

litigation and likely include confidential health information relating to Ahmed—would likely constitute a violation of the Privacy Act and HIPAA.

The Court further agrees with the Magistrate Judge's order to deny Ahmed's motion for leave to file a supplemental complaint because such amendment is untimely and because amendment would be futile. The proposed supplemental complaint contains conclusory allegations but fails to provide any detailed facts or allegations to support those conclusory statements, and therefore fails to state a claim. The Court is not left with the definite and firm conviction that a mistake has been committed, and therefore declines to overturn the Magistrate Judge's decision.

### B. Plaintiff's Objection to Magistrate Judge's Order granting Defendant's motion to extend dispositive motion deadline (ECF No. 45)

On April 2, 2026, Defendant filed a motion to extend the dispositive motions deadline. ECF No. 42. Defendant requested a 21-day extension, stating that "[d]ue to other pending civil litigation matters, including an expedited preliminary injunction briefing schedule and an upcoming trial, counsel for Defendant requires a brief extension of time to prepare Defendant's motion for summary judgment." *Id.* PageID.42. Magistrate Judge Patti issued an order that same day granting the motion. ECF No. 43. Ahmed's response in opposition to Defendant's motion was then entered on the docket after Judge Patti's Order. ECF No. 44.

Later that same day, Ahmed filed an objection to the Court's Order, contending that the Order was granted before he had a "meaningful opportunity to be heard," and that Defendant failed to establish good cause for extension of the scheduling order dates. ECF No. 45.

Ahmed's objection fails to demonstrate that Magistrate Judge Patti clearly erred in granting Defendant's motion for extension. Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" *See also* Fed. R. Civ. P. 16(b)(4) (granting court discretion to modify a schedule order if "good cause" exists). "Good cause" exists "if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (citation omitted). Defendant sufficiently set forth good cause for why the dispositive motion deadline could not reasonably be met, and the requested 21-day extension was reasonable. *See Evans v. Vinson*, 427 F. App'x 437, 447–48 (6th Cir. 2011) (finding no abuse of discretion for grant of 20 day extension to file summary judgment motion). Magistrate Judge Patti's Order finding good cause is not clearly erroneous or contrary to law and Ahmed's objection will be overruled.

7

## IV.   CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff Mourad Ahmed's Objections to the Magistrate Judge's Orders, ECF Nos. 31, 45,  and **AFFIRMS** the Magistrate Judge's rulings, ECF Nos. 30, 43.

**IT IS SO ORDERED.**

Dated: May 26, 2026          /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE